UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHRISTOPHER SADOWSKI,

                              Plaintiff,

          - against -

IMPREMEDIA OPERATING COMPANY, LLC

                    Defendant.

Docket No. 1:20-cv-1285

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Christopher Sadowski ("Sadowski" or "Plaintiff") by and through his

undersigned counsel, as and for his Complaint against Defendant Impremedia Operating

Company, LLC ("Impremedia" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.       This is an action for copyright infringement under Section 501 of the Copyright

Act and for the removal and/or alteration of copyright management information under Section

1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's

unauthorized reproduction and public display of copyrighted video of El Chapo leaving in a New

York City police helicopter as he heads to a supermax prison in Colorado, owned and registered

by Sadowski, a New York based professional photographer. Accordingly, Sadowski seeks

monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101

*et seq*.

## JURISDICTION AND VENUE

2.       This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.       Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant resides and/or transacts business in New York.

4.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.       Sadowski is a professional photographer in the business of licensing his photographs and videos to online and print media for a fee having a usual place of business at 96 9th Avenue, Hawthorne, NJ 07506.

6.       Upon information and belief, Impremedia is a domestic limited liability company duly organized and existing under the laws of the State of Delaware with a place of business at 15 MetroTech Center, Brooklyn, New York 11201. At all times material hereto, Impremedia has owned and operated a website at the URL: www.ElDiarioNY.com (the "Website").

## STATEMENT OF FACTS

**A.       Background and Plaintiff's Ownership of the Video**

7.       Sadowski took video of El Chapo leaving in a New York City police helicopter as he heads to a supermax prison in Colorado (the "Video").

8.       Sadowski licensed the Video to the Daily Mail. The Daily Mail ran an article on the Website entitled El Chapo's final journey: Drug king pin leaves New York City in a police helicopter under armed guard as he heads to Colorado supermax prison where he has been sentenced to die. See https://www.dailymail.co.uk/news/article-7270251/El-Chapo-seen-time-heading-Colorado-supermax-prison.html. The Video contained a credit on the Video stating "Christopher Sadowski". See Exhibit A.

9.     Sadowski is the author of the Video and has at all times been the sole owner of all right, title and interest in and to the Video, including the copyright thereto.

10.     The Video was registered with United States Copyright Office and was given Copyright Registration Number PA 2-215-504.

**B.     Defendant's Infringing Activities**

11.     Impremedia ran an article on the Website entitled Asi trasladaron a *"El Chapo" a la prison de super maxima seguridad*. See: https://eldiariony.com/2019/07/22/asi-trasladaron-a-el-chapo-a-la-prision-de-super-maxima-seguridad/. The article featured a screenshot of the Video.  A true and correct copy of the article and a screenshot of the screenshot of the Video on the Website are attached hereto as Exhibit B.

12.     Impremedia did not license the Video from Plaintiff for its Website, nor did Impremedia have Plaintiff's permission or consent to publish the Video on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

13.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14.     Impremedia infringed Plaintiff's copyright in the Video by reproducing and publicly displaying the Video on the Website. Impremedia is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Video.

15.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.     Upon information and belief, the foregoing acts of infringement by Impremedia have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Video, pursuant to 17 U.S.C. § 504(c).

19.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST**
**DEFENDANT**
**(17 U.S.C. § 1202)**

20.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21.     Upon information and belief, in its article on the Website, Defendant took a screenshot of the Video from the Daily Mail which contained a credit on the Video stating, "Christopher Sadowski" and Defendant then cropped out the credit on the Video when taking a screenshot of the Video.

22.     Upon information and belief, Impremedia intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Video.

23.     The conduct of Impremedia violates 17 U.S.C. § 1202(b).

24.     Upon information and belief, Impremedia's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Impremedia intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Video. Impremedia also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Video.

26.     As a result of the wrongful conduct of Impremedia as alleged herein, Plaintiff is entitled to recover from Impremedia the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Impremedia because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27.     Alternatively, Plaintiff may elect to recover from Impremedia statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.      That Defendant Impremedia be adjudged to have infringed upon Plaintiff's copyrights in the Video in violation of 17 U.S.C §§ 106 and 501;

2.      The Defendant Impremedia be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.      That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant' profits, gains or advantages of any kind attributable to Defendant' infringement of Plaintiff's Video; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4.      That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5.      That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

6.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

8.      That Plaintiff be awarded pre-judgment interest; and

9.      Such other and further relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York

March 9, 2020

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
    Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Christopher Sadowski*